# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

ROY MILTON NEAL                                                              PETITIONER

v.                                                                     No. 2:04CR95-M-B

UNITED STATES OF AMERICA                                                    RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the petitions of Roy Milton Neal to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2) and to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the petitions. The matter is ripe for resolution. For the reasons set forth below, the instant petitions shall be denied.

### Facts and Procedural Posture

On January 27, 1996, in the Circuit Court of Cooke County, Illinois, the petitioner, Roy Milton Neal, was convicted of possession of a controlled substance, cocaine. Then on May 16, 1996, also in Cooke County Illinois Circuit Court, Neal was again convicted of possession of a controlled substance, cocaine. Similarly, on June 13, 1997, in the Circuit Court of Bolivar County, Mississippi, the petitioner was convicted of sale of a controlled substance, cocaine.

On the afternoon of October 11, 2003, an officer with the Clarksdale, Mississippi Police Department observed the petitioner walking in an alley between the 400 Block of Jefferson Street and Quincy Street in Clarksdale. Aware of Neal's outstanding arrest warrants, the officer approached him. Upon seeing the officer, Neal attempted to flee; however, he ultimately was apprehended after becoming entangled in a fence. While the petitioner was caught on the fence, the officer witnessed a black object drop from Neal's waistband, which was later determined to be a loaded Smith and Wesson model 915, 9mm semi-automatic pistol. The officer subsequently

arrested Neal for possession of a firearm by a prior convicted felon.

On June 24, 2004, a federal grand jury returned a one count indictment charging the petitioner, Roy Milton Neal, with possession by a prior convicted felon of a firearm which had previously been transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1). On October 7, 2004 Neal pleaded guilty. However, during his presentence interview, Neal denied possession of the gun.

At sentencing, on January 27, 2005, Neal objected to the presentence report on various grounds, including the award to him of a four offense level adjustment pursuant to U.S.S.G. § 2K2.1(b)(5), for use or possession of a firearm in connection with another felony offense or with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. Neal challenged the accusation that he had used the gun to shoot into an occupied dwelling, the residence of his ex-girlfriend and her family, but admitted to having the gun. The court concluded after an evidentiary hearing that there was substantial evidence to support the accusation and the four level guideline adjustment. The court then sentenced Roy Milton Neal to 115 months imprisonment, three years supervised release, and a special assessment of $100.00.

Roy Milton Neal appealed. On May 9, 2006, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the District Court. On June 5, 2006, Roy Milton Neal filed a petition for writ of certiorari in the Supreme Court of the United States. Certiorari was denied on October 13, 2006 and the judgment against Neal became final that day. Neal filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 with the district court on October, 22, 2007, although he delivered it to prison officials on October 2,

2007. Neal also filed a motion to modify term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) with the district court on November 13, 2007.

## Roy Milton Neal's 18 U.S.C. § 3582(c)(2) Claims

The petitioner argues that he is entitled to a sentence reduction because Amendment 599 of the Sentencing Guidelines requires:

> If a sentence under [§ 2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, banishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.
> U.S.S.G. App. C, Amendment 599.

Neal argues that if the district court's inclusion of the four point offense level adjustment is found to be valid, the Sentencing Commission's broad purpose of prohibiting double counting through the enactment of Amendment 599 would be frustrated. This claim has no merit.

Amendment 599 only modified the commentary to U.S.S.G. § 2K2.4, which provides the base offense levels for violations of 18 U.S.C. §§§ 844(h), 924(c), or 929(a), and therefore, does not apply to a sentence under 18 U.S.C. § 922(g)(1). *United States v. Fernandez*, 213 Fed. Appx. 798, 799-800 (11th Cir. 2007). Furthermore, 18 U.S.C. § 3582(c)(2) provides that a court may only reduce or modify a term of imprisonment when the sentencing range has "subsequently been lowered" by an amendment to the Guidelines. 18 U.S.C. § 3582(c)(2); *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Amendment 599, cited by Neal, took effect on November 1, 2000, over four years prior to Neal's sentencing date of January 27, 2005. Thus, Neal's sentence is not based on a sentencing range, which has "subsequently been lowered" by an amendment to the Sentencing Guidelines. Therefore, U.S.S.G. Amendment 599 has no application to Neal's sentencing.

## Roy Milton Neal's 28 U.S.C. § 2255 Claims

Because this petition was filed on October 22, 2007, the Antiterrorism and Effective Death Penalty Act [AEDPA], signed by the President on April 24, 1996, and which substantially altered 28 U.S.C. § 2255, governs decision of this case. *See Miller v. Johnson*, 200 F.3d 274, 280 (5th Cir. 2000). The AEDPA added a limitations period to proceedings under § 2255 that provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final . . . .
> 28 U.S.C. § 2255.

Thus, defendants seeking *habeas corpus* review under 28 U.S.C. § 2255 face a one-year period of limitation that runs, unless tolled, from the date on which the petitioner's conviction became final. *United States v. Winn*, 292 F.3d 226 (5th Cir. 2002).

In a criminal case in which the defendant has requested, and been denied, a writ of certiorari by the United States Supreme Court, the federal criminal conviction becomes final immediately upon the Supreme Court's denial, thus starting the one-year deadline for § 2255 motions. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). Neal's conviction became final when his petition for writ of certiorari to the United States Supreme Court was denied on October 13, 2006. Under the "mailbox rule," the date of filing for *pro se* prisoners is the date the inmate places the legal paper in the hands of prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). Therefore, although the petition for a writ of *habeas corpus* was filed

on October 22, 2007, nine days after the one-year deadline, the petitioner's motion is not time barred because it was received by prison officials on October 2, 2007, eleven days before the deadline's expiration.

The petitioner frames his claims in this case in terms of ineffective assistance of counsel. He alleges that counsel was factually inefficient on four grounds, including counsel's failure to challenge the constitutionality of 18 U.S.C. § 922(g)(1); counsel's failure to adequately advise Neal in entering his plea; counsel's failure to challenge the district court's sentencing errors; and, counsel's general failure to perform in the capacity expected by professional norms. The court will analyze each of the petitioner's § 2255 claims on the merits before addressing the petitioner's claims of ineffective assistance of counsel. None of these grounds have merit.

## Constitutionality of 18 U.S.C. § 922(g)

Neal claims that Congress has exceeded its Commerce Clause power through enactment of 18 U.S.C. § 922(g)(1) and is therefore unconstitutional. In *Lopez,* the Supreme Court, affirming the decision of the Fifth Circuit, held that the federal Gun-Free School Zone Acts of 1990 exceeded Congress' authority under the Commerce Clause. *United States v. Lopez*, 514 U.S. 549, 551 (1995). Relying extensively on *Lopez*, Neal challenges *Scarborough v. United States*, where the Supreme Court ruled that to establish a nexus with interstate commerce, the government need only prove that the firearm possessed by the convicted felon traveled at some time in interstate commerce. *Scarborough v. United States*, 431 U.S. 563 (1977). Using a combination of prior jurisprudence and historic commentaries, Neal argues that the minimal nexus standard for establishing an effect on interstate commerce in a convicted felon in possession of a firearm prosecution, as established in *Scarborough*, is insufficient to confer

jurisdiction in the federal courts in the wake of *Lopez*. Unfortunately for Neal, § 922(g)(1) has uniformly been found constitutional, resulting in the uniform failure of *Lopez*-based constitutional challenges. *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996) (joining all other circuits that have considered the issue in rejecting *Lopez*-type challenges to § 922(g)(1)). Accordingly, Neal's constitutional challenge to § 922(g)(1) is foreclosed by circuit precedent.

## Guilty Plea Not Intelligently and Knowingly Given

Next, Neal claims that his plea of guilty to possession of a firearm by a convicted felon was not knowingly and intelligently entered into since (1) his offense level was not adjusted downward for acceptance of responsibility and (2) his offense level was adjusted upward for use and possession of the firearm in connection with another felony offense. Essentially Neal argues that had he been aware of the government's intended use of U.S.S.G. § 2K2.1(b), which adjusted his offense level upward, as well as its decision to deny a reduction to his sentence for acceptance of responsibility under § 3E1.1(a), he would have gone to trial rather than plead guilty.

The Fifth Circuit has held that a guilty plea "must not only be entered voluntarily, but also knowingly and intelligently: the defendant must be aware of the relevant circumstances and the likely consequences." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 106 S.Ct. 117 (1985) (quoting *Diaz v. Martin*, 718 F.2d 1372, 1376 (5th Cir.), *cert. denied*, 104 S.Ct. 2358 (1984)). A guilty plea, which the defendant entered both voluntarily and fully aware of the nature of the charges and consequences of the plea will pass constitutional muster. *Id.* Neal claims that he was unaware of the full consequences of his guilty plea; however, a defendant is considered sufficiently aware of the consequences of his plea if he is informed of the maximum term of his imprisonment. *Id.* at 1082.

The court made sure that Neal understood that the maximum sentence for his offense was imprisonment for ten years.

> Q [the Court]: Do you understand what the maximum penalty is that you could be sentenced for?
> A [Neal]: Yes.
> Q: I believe it's not more than 10 years, not more than a $250,000 fine, not more [than] three years supervised release and a special 100-dollar assessment. Is that your understanding of it?
> A: Yes, it is.
> GuiltyPlea Transcript, page 7.

Having questioned Neal, the court properly concluded that the plea was knowingly and freely and voluntarily entered into and not the product of any force, threat, or coercion. Guilty Plea Transcript, page 10. Similarly, Neal informed the Court under oath that he understood the United States Sentencing Guidelines were applicable to his case and that the sentence imposed may be different from any estimate his attorney may have provided him. Neal provides no evidence to support his claim that his plea was not knowingly and intelligently given.

Neal also argues that the district court violated the plea agreement when it refused to assign Neal the U.S.S.G. § 3E1.1(a) reduction for his acceptance of responsibility and, therefore, his plea was not intelligently and voluntarily given. At the time Neal entered his guilty plea, he agreed with the factual basis setting forth evidence of his possession of the semi-automatic pistol described in the indictment. In the presentence investigation interview, however, Neal denied having a gun. PSI Paragraph 9. Through his failure to accept responsibility, Neal forfeited the § 3E1.1(a) reduction that he would likely have received had he admitted gun possession to the presentence writer.

U.S.S.G. § 3E1.1(a) allows a two point reduction in the offense level only when the

defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G § 3E1.1(a). Under § 3E1.1, Neal was required to prove to the district court that he was entitled to a reduced sentence for acceptance of responsibility. Although Neal admitted to having the gun at sentencing, the Fifth Circuit has routinely held that "[t]he mere entry of a guilty plea, however, does not entitle a defendant to a sentencing reduction for acceptance of responsibility as a matter of right." *United States v. Diaz*, 39 F.3d 568, 571 (5th Cir. 1994) (quoting *United States v. Shipley*, 963 F.2d 56, 58 (5th Cir.) (per curiam), *cert. denied*, 506 U.S. 925, 113 S.Ct. 348, 121 L.Ed. 2d 263 (1992)). Further, the district court's evaluation of a defendant's acceptance of responsibility is reviewed "under a standard even more deferential than clear error." *Id.* Neal has provided no evidence to support his claim that the district court improperly failed to reduce his sentence for acceptance of responsibility; therefore, the court finds his claim to be without merit.

Neal also argues that since the government provided no notice of its intention to use the offense level adjustment in U.S.S.G. § 2K2.1(b)(5), the predecessor to § 2K2.1(b)(6), his plea cannot stand as an intelligent admission of guilt. Relying on a "arguably analogous" decision in *United States v. Ringling*, Neal claims that the plea agreement, which states that "[t]he United States Attorney will make known to the Court at the time of sentencing the nature and extent of all testimony and other cooperation of the defendant. . . .," entitled him to an opportunity to be debriefed before other charges were brought. *United States v. Ringling*, 988 F.2d 504, 505 (4th Cir. 1993). The facts in *Ringling*, however, are distinguishable from Neal's case.

In *Ringling*, the Fourth Circuit concluded that the government's failure to provide the Defendant with an opportunity to cooperate, which would have resulted in an increased likelihood of a reduced sentence, violated the language of the plea agreement. *Id.* at 506.

Examining the rules of *Ringling* in a vacuum might lead to the conclusion that the government violated its plea agreement by failing to inform Neal of its intention to use the offense level adjustment in U.S.S.G. § 2K2.1(b)(6). However, a closer examination reveals that *Ringling* has little bearing on the facts of this case. Neal manipulates the meaning of "debrief" from "an opportunity to cooperate" in *Ringling* to a systematic verbal disclosure of information so that it may better suit his claim. Neal's definition of debrief, however, cannot be discovered anywhere within *Ringling*. Further, § 2K2.1(b)(6) is a specific offense characteristic of the firearms sentencing guideline used to determine the applicable offense level; therefore, the presentence report itself provides notice to the defendant of its applicability and offers both parties the opportunity to object to its inclusion.

## Sentencing Errors

Neal claims that the district court erred in its Sentencing Guidelines determination after his guilty plea. According to the presentence report, Neal's past criminal history was calculated according to the sentencing guidelines set forth in U.S.S.G. § 4A1.1 resulting in the accumulation of 10 criminal history points. The past criminal charges used in the calculation were three felonies: possession of a controlled substance in January of 1996 (2 points), possession of a controlled substance in October of 1996 (2 points), and sale of cocaine in July of 1997 (3 points); and three misdemeanors: simple assault in August of 2002 (1 point), simple assault / domestic violence in September of 2003 (1 point), and simple assault / domestic violence in October of 2003 (1 point). Neal alleges that the district court erred in calculating his sentence by assigning one point to each of the misdemeanor convictions. He claims that the misdemeanors should not have been counted for criminal history points because U.S.S.G. §

1B1.9 states that "[t]he sentencing guidelines do not apply to any count of conviction that is a class B or C misdemeanor or an infraction." U.S.S.G. § 1B1.9. This legal error, petitioner contends, increased his prison sentence by 29 to 37 months and is therefore prejudicial. *See Glover v. United States*, 531 U.S. 198, 203 (2001).

Neal misunderstands this guideline, however, which merely provides that the sentencing guidelines themselves are not applied on a conviction in federal court of a Class B or C misdemeanor, which provides for maximum punishment of six months or less. U.S.S.G. § 1B1.9 is not applicable to determining which prior misdemeanor convictions are used for calculation of a defendant's criminal history. Therefore, Neal's criminal history was properly determined by the District Court through application of §4A1.1.

Neal also claims that the calculation of his offense level violated his rights to indictment and to jury findings of facts beyond a reasonable doubt. The petitioner raised on direct appeal to the Fifth Circuit the propriety of the four-level adjustment for possession of a firearm in the commission of another felony, both as to the sufficiency of the evidence to justify the adjustment and the factual finding of the court without a jury at sentencing. The Fifth Circuit decided that issue against the petitioner holding:

> Contrary to Neal's claim, the district court was permitted to look beyond Neal's guilty-plea admissions for purposes of determining his post-*Booker* sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert denied*, 126 S. Ct. 43 (2005). The district court heard testimony on §2K2.1(b)(5) four-level increase and concluded the enhancement was supported by proof "far beyond a reasonable doubt." Because Neal's sentence fell within a properly calculated guideline range, it is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).
> *United States v. Neal*, 176 Fed. Appx. 542, 542-43 (5th Cir.), *cert. denied*, 127 S.Ct. 121 (2006).

Therefore, based on a full record, Neal has already raised this claim and lost in the district court

and in the Court of Appeals and has had certiorari denied. Therefore, Neal is procedurally barred from raising it again. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 106 S.Ct. 1977 (1986).

Neal also claims that the retroactive application of Amendment 599 to the Sentencing Guidelines precluded the four point offense level adjustment to his sentencing guideline determination based on U.S.S.G. § 2K2.1(b)(6). However, as discussed above, U.S.S.G. Amendment 599 has no application to Neal's sentencing.

**Ineffective Assistance of Counsel**

Having evaluating each of the petitioner's claims on the merits, the court now turns to the his claims of ineffective assistance of counsel. After analyzing each claim under the standard of *Strickland v. Washington*, 446 U.S. 668 (1984), this court concludes that the petitioner has not proven that his counsel was ineffective. "The ultimate determination whether counsel was constitutionally ineffective is a mixed question of law and fact that federal habeas courts have traditionally reviewed *de novo*." *Carter v. Johnson*, 110 F.3d 1098, 1110 (5th Cir. 1997); *see, e.g., Salazar v. Johnson*, 96 F.3d 789, 791 (5th Cir. 1996); *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

In support of his claim of ineffective assistance in representation, Neal argues that his counsel was factually inefficient on four grounds, including counsel's failure to challenge to the constitutionality of 18 U.S.C. § 922(g)(1); counsel's failure to adequately advise Neal in entering his plea; counsel's failure to challenge the district court's sentencing errors; and, counsel's general failure to perform in the capacity expected by professional norms.

"To establish ineffective assistance of counsel, a petitioner must show that (1) his

counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (1997); *see Strickland*, 466 U.S. at 687. The deficiency determination is not unguided. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994); quoting *Strickland*, 466 U.S. at 689. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

Roy Milton Neal first argues that his trial and appellate counsel were ineffective in failing to challenge the constitutionality of 18 U.S.C. § 922(g)(1). He claims that their failure to raise the basic jurisdictional absence is factually ineffectiveness, thereby satisfying the first prong of *Strickland*. In *Rawls*, however, the Fifth Circuit concluded that the failure to raise a constitutional challenge to §922(g)(1) does not establish counsel's performance as deficient. *Rawls*, 85 F.3d at 243. By failing to satisfy the "cause" prong of *Strickland*, Neal's claim of ineffective assistance must fail.

In ground two, Neal alleges ineffective assistance of counsel, claiming counsel's failure to properly advise to a minimum sentence below the sentence received was the cause for his plea to be involuntarily and not intelligently given. Such a vague, unsupported claim cannot withstand the heavy burden required in this circuit on an ineffective assistance claim in the

context of a guilty plea. Initially, a petitioner must meet the "cause" and "prejudice" test of *Strickland v. Washington*. 466 U.S. 668, 687, 694. Where a guilty plea is challenged, petitioner must also show "that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted upon going to trial." *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 957 (1996) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Neal alleged in his petition that he would have insisted upon going to trial, but for counsel's ineffective assistance. To satisfy the prejudice prong of *Strickland*, however, the defendant must not simply allege but must "affirmatively prove" prejudice. *Celestine v. Blackburn*, 750 F.2d 353, 356 9 (5th Cir. 1984), *cert. denied*. Neal has produced no evidence to prove that he would have insisted on going to trial had he been properly advised of the minimum sentence. Further, Neal has not satisfied the "cause" prong under *Strickland*.

In ground three, Neal claims that his counsel was ineffective for failing to challenge the district court's alleged sentencing errors. Relying on *Glover*, Neal argues that his increased sentence effectively demonstrates prejudice. *Glover*, 531 U.S. at 202. Neal, however, has failed to satisfy the "cause" prong under *Strickland*. By failing to prove that the district court committed any errors in his sentencing, he was unable to demonstrate his counsel's incompetency as to criminal matters.

Finally, in ground four, Neal claims general ineffective assistance of counsel alleging that his counsel was "not performing in the capacity expected by professional norms" and "not performing at all." Neal has failed to demonstrate any deficiency by counsel in the representation provided to him. Although this court finds counsel's performance to have been competent within the meaning of the Sixth Amendment, this court also concludes that Neal has failed to show

prejudice. To find prejudice, a court on habeas review must look past mere outcome determination. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). The test formulated in *Strickland v. Washington*:

> requires that a habeas petitioner prove not only that counsel's performance was deficient, but also that the deficient performance actually prejudiced the defense to such an extent that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.
> *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.), *cert. denied*, 514 U.S. 1071 (1995) (citing *Strickland*, 466 U.S. at 694).

"[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceedings was fundamentally unfair or unreliable is defective." *Armstead*, 37 F.3d at 207 (citation omitted). Further, the "unreliability" or "unfairness" mentioned in *Strickland* does not occur unless the ineffectiveness of counsel deprives the defendant of a "substantive or procedural right to which the law entitles him." *Fretwell,* 506 U.S. at 372. Petitioner was not deprived of any constitutional right due to counsel's alleged deficiencies and consequently was not deprived of the effective assistance of counsel. Thus, the court determines that these claims should be denied as without merit.

In sum, for the reasons set forth above, the instant motion by Roy Milton Neal to modify term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 shall be denied. A final judgment consistent with this memorandum shall issue today.

**SO ORDERED**, this the 23rd day of June, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**